IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | CRIMINAL NO. 4:08-CR-3-SDJ-CAN-2 |
| JESUS OLIVAS DOZAL (2) | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on August 28, 2023, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Assistant Public Defender Brian O'Shea. The Government was represented by Assistant United States Attorney Chris Rapp.

On October 7, 2008, United States District Judge Michael H. Schneider sentenced Defendant to a term of 120 months imprisonment followed by five (5) years of supervised release. *See* Dkts. 76–77. On March 3, 2017, Defendant completed his term of imprisonment and began serving his term of supervised release. *See* Dkt. 86 at 1.

On March 1, 2022, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 82), alleging Defendant violated three conditions of his supervised release. *See id.* at 1–2. The first allegation in the Petition indicated that Defendant was charged with Intentional Injury to a Child, Elderly, or Disabled Individual, a Third-Degree Felony, which violated the terms of his release. *See id.* at 1. On August 7, 2023, the U.S. Probation Officer filed the First Amended Petition for Warrant or Summons for Offender

under Supervision (the "Amended Petition") (Dkt. 86), which reflected that the above-mentioned charge was dropped and refiled as an Assault, a Class A Misdemeanor. *See id.* at 1. Reflecting this modification, the Amended Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; and (3) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer. *See id.* at 1–2.

> The Amended Petition asserts Defendant violated the foregoing conditions as follows:
>
> (1) On February 14, 2022, Defendant was arrested by the Cedar Hill Police Department and charged with the offense of Intentional Injury to a Child, Elderly, or Disabled Individual – a 3rd Degree Felony. According to the offense report, the victim stated her husband threw her out of her wheelchair, and that she was afraid that he was going to kill her. The officer was able to see a bruise on her right elbow. After further investigation by the Cedar Hill Police Department, the initial charge he was arrested on was dropped, and has been refiled as an Assault – Family Violence, Class A Misdemeanor. As of this writing, there is an active warrant for his arrest on this charge and this matter remains pending.
>
> (2) Defendant failed to submit a written supervision report within the first five days of the month during the months of January and July 2019, as instructed.
>
> (3) Defendant failed to participate in a drug treatment program during the month of May 2017, as instructed.

Dkt. 86.

On August 28, 2023, the Court conducted a final revocation hearing on the Amended Petition. *See* Minute Entry for August 28, 2023. Defendant entered a plea of true to allegations two and three, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 97. The Government moved to withdraw allegation one, which the Court granted. *See* Minute Entry for August 28,

2023. Upon the Court's inquiry, the Government advised that it was withdrawing allegation one on the grounds that no warrant was ultimately issued as to the underlying Assault – Family Violence, Class A Misdemeanor offense, and the statute of limitations has since lapsed. *See id.* Moreover, the parties advised that Defendant's five-year term of supervised release was set to expire on March 2, 2022—one day after the Petition was filed. As a result of the Amended Petition, Defendant has been in custody since August 4, 2023. As such, the parties agree that no additional time of imprisonment is warranted for the remaining allegations. Accordingly, the Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, having considered the arguments presented at the August 28, 2023 hearing, and for the reasons stated on the record and the parties' agreement, the Court recommends that Defendant be sentenced to imprisonment for the amount of time served since his arrest on August 4, 2023, with no term of supervised release to follow.

**So ORDERED and SIGNED this 30th day of August, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE